# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAY NEAL CARNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-16-484-R |
| | ) |
| OKLAHOMA DEPT. OF PUBLIC SAFETY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant has filed a Motion to Dismiss (Doc. No. 3), to which Plaintiff, appearing *pro se*, has filed an objection. Defendant seeks dismissal of Plaintiff's 42 U.S.C. § 1983 claims wherein Plaintiff alleges that the Oklahoma statutory requirement that a driver's license or identification card, issued to a person required to register as a convicted sex offender who has been designated as an aggravated or habitual offender, must bear the words "sex offender" violates the United States Constitution, specifically the Eighth Amendment's prohibition on cruel and unusual punishment and the equal protection clause. Having considered the parties' submissions, the Court finds as follows.

The Motion to Dismiss asserts first that the this action is not ripe because it will be approximately twenty months until Plaintiff will be eligible to obtain a driver's license because he is currently incarcerated. Defendant also argues, and Plaintiff concedes, that the Department of Public Safety is not a "person" for purposes of 42 U.S.C. § 1983. Plaintiff, however, asks the Court to substitute Michael C. Thompson as the Defendant. Finally, the Department of Public Safety argues that Plaintiff has failed to state either an Eighth Amendment or equal protection claim. Plaintiff contends that the case is ripe and that he has stated a claim.

The Court first addresses the propriety of substituting Michael C. Thompson as Defendant.

Plaintiff contends the Court could merely join Mr. Thompson pursuant to Rule 21 and presumably remove the Department of Public Safety. The Court finds, however that adding Mr. Thompson or amending to substitute him as Defendant would be futile because Plaintiff has not and cannot state a claim. *See Collins v. Wal–Mart, Inc.,* 245 F.R.D. 503, 507 (D.Kan.2007)(A proposed amendment is futile if the amended claim would be subject to dismissal).

> The ripeness doctrine aims to prevent courts "from entangling themselves in abstract disagreements" by avoiding "premature adjudication." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds by Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). "Ripeness reflects constitutional considerations that implicate Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp*., ––– U.S. ––––, 130 S.Ct. 1758, 1767 n. 2, 176 L.Ed.2d 605 (2010) (quotations omitted). Our ripeness analysis focuses on "whether the harm asserted has matured sufficiently to warrant judicial intervention." *Stout*, 519 F.3d at 1116 (quotations omitted).
> 
> "'[I]f a threatened injury is sufficiently "imminent" to establish standing, the constitutional requirements of the ripeness doctrine will necessarily be satisfied.'" *Am. Civil Liberties Union v. Johnson*, 194 F.3d 1149, 1154 (10th Cir.1999) (quoting *Nat'l Treasury Emp. Union v. United States*, 101 F.3d 1423, 1428 (D.C.Cir.1996)).

*Awad v. Ziriax*, 670 F.3d 1111, 1124 (10th Cir. 2012). While the constitutional limits overlap with the requirement of constitutional standing, the prudential requirements turn on "both the 'fitness of the issues for judicial decision' and the 'hardship to the parties of withholding court consideration.'" *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998) (quoting *Abbott Labs*, 387 U.S. at 149).

The Court concludes the instant dispute is ripe under Article III despite the fact that Plaintiff will remain incarcerated until January 2018. "One does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending that is enough." *Pennsylvania v. West Virginia*, 262 U.S. 553, 593, 43 S.Ct. 658, 663, 67 L.Ed. 1117 (1923). Plaintiff contends he desires a driver's license without the words "sex offender" which is required

by current Oklahoma law. The Court concludes that he has sufficiently alleged an injury in fact as a result of Okla. Stat. tit. 47 § 6-1114(D)(1). *See also United States v. Bennett*, — F.3d —, 2016 WL 3034664, *7 (10th Cir. 2016)(noting that conditions of supervised release are directly appealable despite being subject to later modification, but dismissing on prudential grounds in light of the factual nature of the claim, the defendant's lengthy sentence and the potential that penis plethysmograph testing, the challenged condition, might never be implemented).

The Court further finds that the issues herein are prudentially ripe. In this regard the Court finds the analysis of the Fifth Circuit Court of Appeals in *Pearson v. Holder*, 624 F.3d 682 (5th Cir. 2010), persuasive. Mr. Pearson was convicted of receipt of child pornography and a condition of his supervised release following incarceration required him to register as a sex offender. He challenged this condition and the district court dismissed his 42 U.S.C. § 1983 claims as unripe, because his release was not expected for two to three years. The Fifth Circuit disagreed, concluding that the Plaintiff correctly asserted that the registration requirement was inevitable upon his release.

> "Where the inevitability of the operation of a statue against certain individuals is patent, it is irrelevant to the existence of a justiciable controversy that there will be a time delay before the disputed provisions will come into effect." "[I]ssues have been deemed ripe when they would not benefit from any further factual development and when the court would be in no better position to adjudicate the issue in the future than it is now." There is no need for further factual development here: The only potential contingency that could affect Pearson's case would be action by Congress, which we find unlikely.

*Id.* at 684 (footnotes omitted)(quoting *Regional Rail Reorganization Act* Cases, 419 U.S. 102, 143, 95 S.Ct. 335, 42 L.E.2d 320 (1974) and *Simmonds v. INS*, 326 F.3d 351, 359 (2d Cir. 2003)). The court concluded the plaintiff had established a hardship, because Mr. Pearson was scheduled for release from prison within a few years, "and there is no assurance that an already pending case or one filed after Pearson's would conclude before he is required to register as a sex offender. Most

cases in which prisoners' supervised releases were held to be unripe involved situations in which the remaining duration of the sentence was much longer than Pearson's." *Id*. at 685. The Court finds the same holds true here. Mr. Carney, once released from incarceration in January 2018, indicates a desire to obtain a driver's license that does not bear the words "sex offender." He will be unable to do so absent a change in the law or a favorable court decision. As such, the Court declines to dismiss Plaintiff's action on the basis that it is not ripe.

Defendant also seeks dismissal because Plaintiff's Complaint fails to state a claim. In order to withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the motion, the Court accepts all well-pleaded factual allegations in the complaint as true. *Id.* at 555. Recitations of the elements of a cause of action and conclusory statements are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662. 678 (2009). The allegations in the complaint must be sufficient such that, if assumed true, Plaintiff plausibly, not just speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

With regard to Plaintiff's first contention, Defendant argues that requiring the words "sex offender" on the driver's license of a person determined to be either a habitual or aggravated offender is not punishment, nor is it cruel and unusual, and therefore cannot be violative of the Eight Amendment's prohibition on cruel and unusual punishment.[1] The Court finds no need to delve into the inquiry of whether the driver's license requirement could be considered penal in nature, because even assuming that it is, it would not, as a matter of law, be cruel and unusual. "The Eighth Amendment contains a narrow proportionality principle that applies to noncapital sentences." *United*

---

[1] The majority of the litigation involving sex offender registration and other post-release conditions involves claims that the statute violates the constitutional prohibition on *ex post facto* punishment.

*States v. Yeley–Davis*, 632 F.3d 673, 682 (10th Cir.2011) cert. denied, ––– U.S. ––––, 131 S.Ct. 2172, 179 L.Ed.2d 951 (2011) (internal quotation marks and citation omitted). It prohibits grossly disproportionate sentences in relation to the crime, though successful challenges on this basis are rare. *Id.; see also Ewing v. California*, 538 U.S. 11, 21, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003).

With regard to sex offender registration for persons convicted as juveniles that would persist into adulthood, the Ninth Circuit noted[2]:

> Although defendants understandably note that SORNA may have the effect of exposing juvenile defendants and their families to potential shame and humiliation for acts committed while still an adolescent, the statute does not meet the high standard of cruel and unusual punishment. The requirement that juveniles register in a sex offender database for at least 25 years because they committed the equivalent of aggravated sexual abuse is not a disproportionate punishment. These juveniles do not face any risk of incarceration or threat of physical harm. In fact, at least two other circuits have held that SORNA's registration requirement is not even a punitive measure, let alone cruel and unusual punishment. *See United States v. May*, 535 F.3d 912, 920 (8th Cir.2008) ("SORNA's registration requirement demonstrates no congressional intent to punish sex offenders"); *see also United States v. Young*, 585 F.3d 199, 204-05 (5th Cir.2009).

U.S. v. Juvenile Male, 670 F.3d 999, 1010 (9th Cir. 2012).

A Massachusetts' district court evaluated certain state registration statutes for compliance with the federal constitution, including a provision that permitted any person over the age of 18 to request verification of whether a person is a sex offender, the offense and the date thereof. The court concluded that provision, § 1781, was punishment, however, that it was not cruel and unusual.

---

[2] The court summarized the provisions to which the juveniles were subjected:
Under SORNA's comprehensive national registration system, sex offenders must "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). The offender must "appear in person, allow the jurisdiction to take a current photograph, and verify the information in each registry." 42 U.S.C. § 16916. Each jurisdiction must make public the contents of its sex offender registry, including each registrant's name, address, photograph, criminal history, and status of parole, probation, or supervised release. 42 U.S.C. §§ 16914(b), 16918(a).
*U.S. v. Juvenile Male,* 670 F.3d 999, 1005 (9th Cir. 2012).

> As registration alone does not constitute punishment, it cannot violate the Eighth Amendment. Moreover, while this Court holds that the section 178I constitutes punishment, that provision is proscribed by the Eighth Amendment only if "grossly disproportionate to the severity of the crime." In *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), the Supreme Court held that a sentence of twelve-years imprisonment perpetually shackled and subject to hard labor followed by a lifetime requirement to obtain permission concerning where to reside, imposed for the crime of document falsification was cruel and unusual punishment. Since *Weems*, the proportionality argument has rarely been successful. *See, e.g., Rummel v. Estelle*, 445 U.S. 263, 272, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)(distinguishing capital punishment as different in kind from other forms of punishment, and considering capital cases of limited assistance in other cases). In *Rummel*, the Supreme Court held that even a mandatory life sentence imposed pursuant to a recidivist statute for a petty larceny violation did not constitute cruel and unusual punishment. *Id.* at 284-85. Therefore, although section 178I constitutes punishment, it is not punishment of the requisite severity to violate the Cruel and Unusual Punishment Clause.

*Roe v. Farwell*, 999 F.Supp. 174, 192-93 (D.Mass. 1998); *see also Chrenko v. Riley*, 560 Fed.Appx. 832, 835 (11th Cir. 2014)(finding the defendant was entitled to summary judgment on a claim alleging that harassment a registered offender allegedly suffered because the Alabama Community Notification Act required him to notify the public of his status did not satisfy the threshold for cruel and unusual punishment). Accordingly, the Court finds it would be futile for Plaintiff to substitute Michael C. Thompson as defendant herein, because any such claim would be subject to dismissal.

Plaintiff also alleges that his rights under the equal protection clause of the fourteenth amendment will be violated by the Act. The equal protection clause provides that "[n]o State shall make or enforce any law which . . . den[ies] to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend XIV, § 1. In order to allege a viable equal protection claim, Plaintiff must allege that he was treated differently from others who were similarly situated. *See Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011). The provision at issue herein applies to sex offenders who have been identified by the Department of Corrections as habitual or

6

aggravated sex offenders, who are required to register as sex offenders under the Oklahoma Sex Offender Registration Act, Okla. Stat. tit. 57 § 584, and thereafter must apply for a driver's license or identification card bearing the words "sex offender."[3] Although Plaintiff filed a Brief in Support of his Petition, the brief does not allege a sufficient factual basis to support Plaintiff's equal protection claims, nor could it.

Plaintiff alleges that the provisions of § 6-111(D) violated the Equal Protection Clause because the section imposes a burden on "a select group of a certain class of people while imposing no such burden on other members of the same class or on other similarly situated individuals." Doc. No. 1-3, p. 9. He further alleges that the subsection violates equal protection "in two veins." *Id.* at p. 10.

> The first is with other sex offenders. The legislature has created a sub-class of sex offender and imposed sanctions against them foreign to any other sex offender. The other vein is with persons on other state registries. The legislature has imposed a burden upon people required to register as a sex offender that they do not impose on similarly situated individuals required to register on other state registries. In both veins, the legislative classification was made without any rational justification and without a reasonable legislative purpose.

*Id.* Plaintiff, however, is not similarly situated to all sex offenders in Oklahoma or to persons on other Oklahoma registries, such as the methamphetamine registry or the Mary Rippy Violent Crime Registry. Rather, he has been assessed as an aggravated offender, defined as persons who have been convicted of: (1) child sexual abuse or child sexual exploitation; (2) incest; (3) forcible sodomy; (4)

---

[3] The relevant provision provides:
The Department shall develop a procedure whereby a person applying for an original, renewal or replacement Class A, B, C or D driver license or identification card who is required to register as a convicted sex offender with the Department of Corrections pursuant to the provisions of the Sex Offenders Registration Act and who the Department of Corrections designates as an aggravated or habitual offender pursuant to subsection J of Section 584 of Title 57 of the Oklahoma Statutes shall be issued a license or card bearing the words "Sex Offender".

rape by instrumentation; (5) rape; or (6) lewd or indecent proposal or acts with a child under age 16. Okla. Stat. tit. 57 § 584(N)(2).[4]

Plaintiff does not contend that aggravated sex offenders are a suspect class, nor could he succeed with such an allegation. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Furthermore, the issues herein do not implicate a fundamental right, such as the right to vote or to procreate, and thus are not subject to strict scrutiny.[5] *See Massachusetts Bd. Of Retirement v. Murgia*, 427 U.S. 307, 313 n. 3, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Additionally, the classification as a habitual or aggravated sex offender is not a quasi-suspect class, such as a class based on gender, that would subject review of the statute to intermediate scrutiny. *See A.M. v. Holmes*, — F.3d —, 2016 WL 3999756, *33 (2016). Unless a classification burdens a fundamental right or "proceed[s] along suspect lines," it is presumptively valid, subject only to rational basis scrutiny. *Heller v. Doe by Doe*, 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Plaintiff must overcome the presumption and allege facts to establish that the law is not rationally related to a legitimate state interest. "[A]n equal protection claim will fail if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007). The Court judge's the government's actions from

---

[4] Mr. Chaney was convicted of child sexual abuse in violation of Okla. Stat. tit. 21 § 843.5

[5] It is this distinction that renders Plaintiff's reliance on *Skinner v. Oklahoma*, 316 U.S. 535 (1942), misplaced. In *Skinner* the Supreme Court invalidated Oklahoma's Habitual Criminal Sterilization Act, which permitted the sterilization of persons convicted after a certain number of convictions for enumerated felonies, but excluding "white collar" crimes. The Supreme Court concluded that the statute violated the equal protection clause, because the right to procreate is a fundamental right. As noted by the court in *United States v. Miller*, 604 F.Supp.2d 1162, 1172 (W.D.Tenn. 2009), "[t]he holding in *Skinner* rests not only on the difference in treatment between people convicted of similar crimes, but also on the fact that the legislation in question deprived certain individuals of a "basic liberty." The *Skinner* Court specifically noted, "[o]nly recently we reaffirmed the view that the equal protection clause does not prevent the legislature from recognizing 'degrees of evil.'" 316 U.S. at 540 (citing *Truax v. Raich*, 239 U.S. 33, 43, 36 S.Ct. 7, 11, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas.1917B, 283).

an objective standpoint, the existence of a reasonable basis for the challenged action suffices without regard to the legislature's actual intent. The Court finds that Plaintiff has failed to allege sufficient facts to overcome the presumption of validity because it is rational for the state to distinguish between sex offenders and those convicted of more egregious sexual offenses, such as child sexual abuse, by permitting police officers to immediately identify such persons. As such, Plaintiff has failed to allege facts to overcome the presumptive validity of Okla. Stat. tit. 46 § 6-1114(D)(1).

For the reasons set forth herein, Defendant's Motion to Dismiss is hereby GRANTED and Plaintiff's Motion to Add is hereby DENIED AS FUTILE.

IT IS SO ORDERED this 10th day of August.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE